IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS PENSION FUND OF ILLINOIS and SEBASTIEN CHERNEY, an Administrator, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 25-10300 |
| vs. | ) ) | Hon. Judge LaShonda A. Hunt |
| TRICOR CARPENTRY, LLC., an Illinois limited liability company | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Now comes Defendant, TRICOR CARPENTRY LLC., by and through its Counsel, ALLOCCO, MILLER and CAHILL, P.C., for its response to the Plaintiffs' Complaint. Defendant states as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

**ANSWER:** Defendant admits the allegations in Paragraph 1.

2. Plaintiff, the CARPENTERS PENSION FUND OF ILLINOIS ("Plaintiff Fund"), is a pension fund and brings this action as an "employee pension benefit fund," and "plan" under ERISA and Plaintiff, SEBASTIEN CHERNEY, is the Administrator of the Plaintiff Fund and a fiduciary with respect thereto. Plaintiff Fund is administered within this District.

1

**ANSWER:** Defendant admits the allegations in Paragraph 2.

3. Defendant is obligated to make fringe benefit contributions to the Plaintiff Fund, under the terms of the "Agreement and Declaration of Trust," establishing and outlining the administration of this Fund, and pursuant to the terms of a collective bargaining agreement adopting the "Agreement and Declaration of Trust" and entered into by Defendant.

**ANSWER:** Defendant admits the allegations in Paragraph 3.

4. As an employer obligated to make fringe benefit contributions to the Plaintiff Fund, Defendant is specifically required to do the following:

(a) To submit to Plaintiff Fund for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiff Fund; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c) To make all of its payroll books and records available to Plaintiff Fund for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements

(d) To compensate Plaintiff Fund for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of 10 percent of any and all contributions which are not timely received by Plaintiff Fund for a particular month, as specified fully in in Paragraph 4(a) above, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

(e) To pay any and all costs incurred by Plaintiff Fund in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiff Fund;

(f) To pay Plaintiff Fund's reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books records for audit or to recover delinquent contributions;

(g) To furnish to Plaintiff Fund a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiff Fund, to cover future contributions due the Plaintiff Fund.

**ANSWER:** Defendant admits the allegations in Paragraph 4.

5. Defendant is delinquent and has breached its obligations to Plaintiff Fund and its obligations under the plan in the following respect:

> Defendant has failed and refused to submit all of its reports to Plaintiff Fund due, to date, and/or, has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiff Fund.

**ANSWER:** Defendant denies the allegations in Paragraph 5.

6. That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, the total amount due is unknown, based upon Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

**ANSWER:** Defendant denies the allegations in Paragraph 6.

7. Plaintiff fund has requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

**ANSWER:** Defendant denies the allegations in Paragraph 7.

8. Defendant's continuing refusal and failure to perform its obligations to Plaintiff Fund is causing and will continue to cause irreparable injuries to Plaintiff Fund for which Plaintiff Fund has no adequate remedy at law.

**ANSWER:** Defendant denies the allegations in Paragraph 8.

        Respectfully submitted,

        TRICOR CARPENTRY, LLC.

     By: /s/ Todd A. Miller_____

Attorney for the Defendant:

Todd A. Miller
tam@alloccomiller.com
ARDC #6216561
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that he electronically filed the attached, *Defendant's Answer to Plaintiffs' Complaint*, with the Clerk of the Court using the CM/ECF system on or before the hour of 5:00 p.m. this 25th day of September 2025, which will send notice of such filings to the following:

Carson W. Fallo
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 1825
Chicago, IL 60606
cfallo@baumsigman.com

/s/ Todd A. Miller

Attorney for the Defendant:

Todd A. Miller
tam@alloccomiller.com
ARDC #6216561
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326