IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS PENSION FUND OF ILLINOIS, *et al*., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) ) | NO. 25 C 10300 |
| TRICOR CARPENTRY, LLC., an Illinois limited liability company, | ) ) ) | JUDGE LaSHONDA A. HUNT |
| Defendant. | ) ) | |

**JOINT INITIAL STATUS REPORT**

NOW COME the Plaintiffs, CARPENTERS PENSION FUND OF ILLINOIS, *et al*., and Defendant, TRICOR CARPENTRY, LLC, an Illinois limited liability company, by and through their attorneys, for their Joint Initial Status Report, pursuant to this Court Order of September 26, 2025 [Dkt. 12] state the following:

**I.    The Nature of the Case:**

  A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

    Catherine M. Chapman and Carson W. Fallo of Baum Sigman Auerbach & Neuman, Ltd. are attorneys of record for the Plaintiffs. Carson W. Fallo will be the lead trial attorney.

    Todd A. Miller and Kathleen M. Cahill of Allocco, Miller and Cahill, P.C. are attorneys of record for the Defendant. Todd A. Miller will be the lead trial attorney.

  B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.

    The nature of the claims asserted in Plaintiffs' Complaint is the enforcement of the Defendant's compliance with its obligations to submit to submit monthly fringe benefit contribution reports and to remit payment of any and all fringe benefit contributions, liquidated damages, interest, court costs and attorneys' fees to

        Plaintiffs pursuant to a collective bargaining agreement, Trust Agreement, and ERISA. At this time, there are no counterclaims or cross claims.

    C.    Briefly identify the major legal and factual issues in the case.

        The major legal issue in this case is whether Defendant violated ERISA by failing to submit its monthly fringe benefit contribution reports for the contribution months of January 2025 forward.

        The major factual issue concerns whether Defendant is obligated and has failed to submit monthly fringe benefit contribution reports for the months of January 2025 forward and remit payment of contributions, liquidated damages, interest and Plaintiffs' court costs and attorneys' fees.

    D.    State the relief sought by any of the parties.

        Plaintiffs will be seeking a money judgment to include contributions, liquidated damages, and interest of an unknown amount to be determined once Defendant submits its monthly fringe benefit contribution reports for the time period January 2025 forward to Plaintiffs. Plaintiffs will also seek their attorneys' fees and costs incurred in this litigation.

**II.    Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

    A.    Identify all federal statutes on which federal question jurisdiction is based.

        This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145. The Court therefore has subject matter jurisdiction under 28 U.S.C. § 1331.

    B.    If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

        1.    State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).

            n/a

        2.    Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

2

       **NOTE 1:** Individuals are citizens of the state where they are domiciled; that may or may not be the state where they currently reside. See Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012).

       **NOTE 2:** A supplement to the statement of the basis for federal jurisdiction shall be filed within 14 days of any change in the information provided in the Initial Status Report.

       The state of citizenship of each named party is Illinois.

III. **Status of Service:** Identify any defendants that have not been served.

       Defendant was served on September 5, 2025.

IV. **Consent to Proceed Before a United States Magistrate Judge:** Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent.

       The parties are aware that they may proceed before a Magistrate Judge. The parties do not unanimously consent to proceed to proceed before a Magistrate Judge.

V. **Motions:**

    A.    Briefly describe any pending motions.

       n/a

    B.    State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.

       Defendant answered Plaintiffs' Complaint on September 25, 2025.

VI. **Case Plan:**

    A.    Submit a proposal for a discovery plan, including the following information:

       1.    The general type of discovery needed;

       The Plaintiffs do not anticipate that discovery will be needed, but in the event discovery is required, either party may issue a request for the production of documents and a request to admit.

       2.    A date for Rule 26(a)(1) disclosures;

       October 31, 2025.

   3.  First date by which to issue written discovery;

     December 9, 2025.

   4.  Deadline to amend pleadings and join parties;

     January 8, 2026.

   5.  A fact discovery completion date;

     February 9, 2026.

   6.  An expert discovery completion date, including dates for the delivery of expert reports; and

     The Parties do not anticipate the need for expert discovery.

   7.  Whether either party anticipates filing dispositive motions. Please note that a schedule is typically set once all discovery is complete.

     March 11, 2026.

  B. With respect to trial, indicate the following:

   1.  Whether a jury trial is requested; and

     The parties do not request a jury trial.

   2.  The probably length of trial.

     If a trial is necessary, the party anticipate the trial would require only one (1) day.

**VII.** **Status of Settlement Discussions:**

  A. Indicate whether any settlement discussions have occurred;

   As of this date, the parties have not engaged in any settlement discussions.

  B. Describe the status of any settlement discussions; and

   n/a

  C. Whether the parties request a settlement conference.

   The parties do not request a settlement conference at this time.

| | |
|---|---|
| /s/ Carson W. Fallo | /s/ Todd A. Miller |
| Carson W. Fallo | Todd A. Miller |
| Attorney for the Plaintiffs | Kathleen M. Cahill |
| Baum Sigman Auerbach & Neuman, Ltd. | Attorneys for Defendant |
| 200 West Adams Street, Suite 1825 | Allocco, Miller and Cahill, P.C. |
| Chicago, IL 60606-5250 | 20 N. Wacker Drive, Suite 3517 |
| Bar No.: 6345253 | Chicago, IL 60606 |
| Telephone: (312) 216-2550 | Bar No.: 6216561 |
| Facsimile: (312) 236-0241 | Telephone: (312) 675-4325 |
| E-Mail: cfallo@baumsigman.com | Facsimile: (312) 675-4326 |
| | E-Mail: tam@alloccomiller.com |

I:\CarpsJ\Tricor Carpentry\31269\joint initial status report 10-10-25.cwf.df.docx

5